UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 22 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo, Christopher Smith, John Snarr, and James Rollins, on behalf of themselves and all others similarly situated,

    Plaintiffs and Proposed Collective and Class Action Representatives,

-v-

Butterball LLC, Walter Pelletier, James Louis Maxwell III, Keith Shoemaker, Jerry Godwin and Gary R. Lenaghan,

    Defendants.

Civil No. 4·10-CV-1025JLH

COMPLAINT IN COLLECTIVE
AND CLASS ACTION

(DEMAND FOR JURY TRIAL)

This case assigned to District Judge Holmes
and to Magistrate Judge Ray

## COMPLAINT

Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo, Christopher Smith, John Snarr, James Rollins, on behalf of themselves and others similarly situated, by and through their attorneys, state and allege as follows:

### PRELIMINARY STATEMENT

1. The foregoing Named Plaintiffs (hereinafter referred to collectively as "Plaintiffs") are current and former production workers who were employed by Defendants Butterball, LLC, Walter Pelletier, James Louis Maxwell III, Keith Shoemaker, Jerry Godwin, and Gary R. Lenaghan (hereinafter referred to collectively "Defendants") at Defendant Butterball, LLC's (hereinafter referred to as "Butterball") turkey processing plants located in the State of Arkansas. The Plaintiffs seek relief on a collective and a class-wide basis relating to Defendants' practice and policy of not fully compensating their turkey processing production and support employees. In particular, the Plaintiffs spent time donning, doffing, and sanitizing

gear and equipment, and walking to and from the production floor. At all times relevant hereto, these activities have been and remain necessary and indispensable to Plaintiffs' principal work but were not fully compensated by Defendants.

2. **FLSA Class.** Plaintiffs bring this FLSA collective action on behalf of themselves and all persons who were, are or will be employed by Defendants (as defined by the FLSA including temporary workers) as hourly production and support employees at Butterball's turkey processing plants located in the State of Arkansas, only to the extent they worked within the time period within the "FLSA Period" as defined below, and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA"). This group is hereinafter referred to as the "FLSA Class."

3. **FLSA Period.** For purposes of this lawsuit, "FLSA Period" means the time period from three years from the date of the opt-in filing in this action. As of the date of filing this action, certain but not all of the Plaintiffs in this lawsuit are also opt-ins in the matter of *Helmert v. Butterball, LLC*, Case No. 4:08-CV-0342 (E.D. Ark.) (hereinafter referred to as "*Helmert*"). However, the initial opt-in period in *Helmert* concluded on May 5, 2010 and the matter is set for trial on September 7, 2011. For dual opt-ins who are current employees, the proposed FLSA Period here does not include any time period covered by *Helmert* but expressly includes all time after the Court in *Helmert* determines the end date for the recoverable time period. To date, the *Helmert* Court has not ruled upon the end date for the collective action period, and Butterball may argue that the end date has already expired.

4. **Arkansas Injunctive Relief Class.** Plaintiffs who are current employees also bring a putative class action for injunctive relief on behalf of themselves and all persons who are or will be employed by Defendants (as defined by the Arkansas Minimum Wage Act and including temporary workers) as hourly production and support employees at Butterball's

turkey processing plants located in the State of Arkansas. These Plaintiffs seek a statewide injunction against the Defendants anywhere in the State of Arkansas, including this judicial district. This group is hereinafter referred to as the "Arkansas Injunctive Relief Class." Nothing in this paragraph is intended to suggest that it is mandatory to certify a Rule 23 class before imposing statewide injunctive relief.

5. **Arkansas Monetary Relief Class.** Plaintiffs also bring a putative class action for monetary relief on behalf of themselves and all persons who were, are or will be employed by Butterball as hourly production and support employees in Butterball's Ozark and Huntsville, Arkansas poultry processing plants, only to the extent they worked within the time period within the "Arkansas Monetary Class Period" as defined below, and who have not received full compensation for all hours worked under state law. This group is hereinafter referred to as the "Arkansas Monetary Class."

6. **Arkansas Monetary Class Period.** For purposes of this lawsuit, the "Arkansas Monetary Relief Class Period" means the time period from five years from the date of the statute of limitations accrual in the lawsuit. Plaintiffs contend that the *Helmert* lawsuit tolled the date of accrual for the statute of limitations. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

7. **Reservation.** Plaintiffs, the opt-ins and the future opt-ins, reserve all rights to seek to limit the application of any statute of limitations affirmative defense to be asserted in this case, and extend the period of their wage and hour claims as may be permitted by the Court, on statutory or equitable grounds, that may have arisen before or after the commencement of this action, including extension of such periods that may become apparent through discovery or the opt-in process.

8. Plaintiffs also bring this putative class action on behalf of similarly situated persons currently or formerly employed by Defendants in the State of Arkansas wherein Defendants' pay practices relating to time employees spend donning, doffing, and sanitizing gear and equipment, and walking to and from the production floor violate state wage and hour law.

9. Eligible Plaintiffs asserting claims within the FLSA Period have provided written consent to participate in this litigation as required by 29 U.S.C. § 216(b).

10. In addition to the Plaintiffs named herein, all persons currently or formerly employed by Defendants in similar employment positions which are not exempt from the minimum wage and overtime requirements of the FLSA, and are within the FLSA Period, are entitled to collectively participate in this action by choosing to "opt in" and submit a written consent to join form. The federal cause of action is brought as a collective action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b).

## PARTIES

11. Plaintiff Roxie Garner is a current production employee at a Butterball Arkansas plant.

12. Plaintiff Roy Garner is a current production employee at a Butterball Arkansas plant.

13. Plaintiff Jason Foster is a current production employee at a Butterball Arkansas plant.

14. Plaintiff Miguel Anguiano Araujo is a current production employee at a Butterball Arkansas plant.

15. Plaintiff Christopher Smith is a former production employee at a Butterball Arkansas plant.

16. Plaintiff John Snarr is a former production employee at a Butterball Arkansas plant.

17. Plaintiff James Rollins is a current production employee at a Butterball Arkansas plant.

18. Upon information and belief, Butterball is a North Carolina limited liability company with significant operations throughout the United States, including but not limited to processing plants in Jonesboro, Huntsville, and Ozark, Arkansas (collectively referred to herein as the "Arkansas Butterball plants"). Butterball is a poultry processor which supplies wholesale and retail customers with processed turkey. Butterball is Plaintiffs' employer.

19. Defendant Walter Pelletier is and has been an owner, officer and operator of Butterball, LLC and has managed Butterball's operating activities during the applicable statutes of limitations. Upon information and belief, Pelletier made the decision not to pay Plaintiffs for all actual time spent donning and doffing. Pelletier is an "employer" within the meaning of the FLSA and the Arkansas Minimum Wage Act.

20. Defendant James Louis Maxwell, III, is and has been an owner, officer and operator of Butterball, LLC and has managed Butterball's operating activities during the applicable statutes of limitations. Upon information and belief, Maxwell made the decision not to pay Plaintiffs for all actual time spent donning and doffing. Maxwell is an "employer" within the meaning of the FLSA and the Arkansas Minimum Wage Act.

21. Defendant Keith Shoemaker, as president of Butterball, LLC, is and has been an officer and operator of Butterball, LLC during the applicable statutes of limitations. Upon information and belief, Shoemaker made the decision not to pay Plaintiffs for all actual time spent donning and doffing. Shoemaker is an "employer" within the meaning of the FLSA and the Arkansas Minimum Wage Act.

22. Defendant Jerry Godwin, is and has been and officer and operator of Butterball, LLC during the applicable statutes of limitations. Upon information and belief, Godwin made the decision not to pay Plaintiffs for all actual time spent donning and doffing. Godwin is an "employer" within the meaning of the FLSA and the Arkansas Minimum Wage Act.

23. Defendant Gary L. Lenaghan is and has been an officer and operator of Butterball during the applicable statute of limitations. Upon information and belief, as Vice-President of Human Resources, Lenaghan made the decision not to pay Plaintiffs for all actual time spent donning and doffing. Lenaghan is an "employer" within the meaning of the FLSA and the Arkansas Minimum Wage Act.

24. Upon information and belief, prior to October 2006, ConAgra Foods Packaged Foods Company, Inc. ("ConAgra") owned and operated the Arkansas Butterball plants. Upon further information and belief, on or about October 2, 2006, Defendant acquired the Arkansas Butterball plants in an asset purchase wherein it was assigned and / or assumed the wage and hour liabilities of ConAgra's processing operations, including but not limited to the operations at the Arkansas Butterball plants.

25. Upon information and belief, upon acquiring the Arkansas Butterball plants from ConAgra, Butterball maintained identical processing locations, continued the business and processing operations previously employed by ConAgra, and maintained substantial employee, supervisory and managerial continuity and retention. Accordingly, upon further information and belief, Butterball is a bona fide successor-in-interest to ConAgra's Butterball turkey operations.

## JURISDICTION AND VENUE

26. Jurisdiction over Plaintiffs' federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

27. Jurisdiction over Plaintiffs' claims under Arkansas law is based upon this Court's power to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367 and the Class Action Fairness Act of 2005.

28. The Eastern District of Arkansas has personal jurisdiction over Defendants because Defendants (a) do business in Arkansas, and in the Eastern District, (b) operate processing plants in Arkansas, and in the Eastern District, (c) employ hundreds of workers in Arkansas, and in the Eastern District, and (c) because many of the acts complained of and giving rise to the claims alleged in Arkansas occurred or are occurring in the Eastern District. Defendants have purposefully availed themselves of the privilege of conducting activities within the State of Arkansas, thus invoking the benefits and protections of its laws.

29. Venue is proper because Butterball resides in this District, a substantial part of the events or omissions giving rise to the claims alleged occurred in this District, and/or Defendants' contacts within this District are sufficient to subject it to personal jurisdiction in this District. 28 U.S.C. § 1391(b), (c).

## FACTUAL ALLEGATIONS

30. Upon information and belief, Defendants operate three poultry processing plants in the State of Arkansas.

31. Production and support employees at Defendants' processing plants are nonexempt hourly employees, and the work performed by these employees is nonexempt work.

32. Defendants have not compensated their hourly production and support employees for all hours worked at the Arkansas Butterball plants as required by federal and state law.

    A. Defendants have not paid their hourly production and support employees full overtime compensation for the hours worked at the Arkansas Butterball plants as required by the FLSA and applicable state law.

    B. Defendants refuse to fully compensate their hourly production and support employees for the time spent at the Arkansas Butterball plants at the beginning of shifts donning and doffing and sanitizing required gear and equipment, including but not limited to, boots, hair nets, ear plugs, smocks, safety glasses, liners, gloves, and hard hats, and at the end of shifts for removing and cleaning these same items.

    C. Similarly, Defendants do not compensate their hourly production and support employees for time spent at the Arkansas Butterball plants donning and doffing before and after their unpaid lunch breaks and their paid rest breaks.

    D. Additionally, Defendant does not compensate its hourly workers for time spent walking to and from changing areas and the production floor at the Arkansas Butterball plants.

    E. Failing to pay these employees overtime pay for walking time and time spent donning, doffing and sanitizing at the Arkansas Butterball plants violates the FLSA and Arkansas and other states' wage and hour laws.

33. Defendants did not exercise good faith in willfully failing to fully compensate their hourly production and support employees under the FLSA. Defendants consciously excluded from "hours worked" the time spent by hourly production and support employees donning, doffing, sanitizing, and walking to and from the production lines at the Arkansas Butterball plants.

34. At the same time, and for further proof of its failure to exercise good faith, the poultry industry as a whole has continuously been found to violate federal and state wage and hour laws. Despite repeated admonitions by the U.S. Department of Labor that the industry-wide practice of not compensating workers for time spent donning, doffing, and sanitizing at poultry plants violates federal and state law, to date, Defendants adhere to this unlawful practice.

35. Defendants' practices violate, among other things, the FLSA and the Arkansas laws pled herein. Plaintiffs seek overtime compensation for all overtime work required, suffered or permitted by Defendants, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

37. Plaintiffs and the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are subject to Defendants' common practice, policy, or plan of unlawfully failing to pay for all hours worked, including pay at overtime rates.

38. The names and addresses of the FLSA Class are available from Defendants' records. Notice should be provided to the FLSA Class via both first class mail and by posting in the Arkansas Butterball plants as soon as possible.

## ARKANSAS CLASS ACTION ALLEGATIONS

39. Plaintiffs bring their second cause of action for violation of Arkansas's statutes as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

40. Members of the putative Arkansas Injunctive Relief and Monetary classes are so numerous that joinder of all such members is impracticable. The exact size of the putative classes are unknown, but may be determined from records maintained by Defendants. It is believed and alleged that the number of persons currently employed by Defendants at the Arkansas Butterball plants collectively is more than 1,000 persons. Former employees are also included as class members.

41. There are common questions of law and fact applicable to the putative classes with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, common questions of fact and law include but are not limited to the compensability of time spent donning and doffing; whether injunctive relief is available to force Defendants into compliance; whether Defendants have acted willfully or in good faith; whether Plaintiffs are entitled to liquidated damages, penalties and attorneys' fees and costs; and whether Defendants have complied with record-keeping obligations under state and federal law.

42. Plaintiffs' claims are typical of the Arkansas Injunctive Relief and Monetary Classes. Plaintiffs, like the other Arkansas Relief and Monetary Class members, are and were subjected to Defendants' common practice and policy of not paying their nonexempt hourly production and support employees at the Arkansas Butterball plants for all compensable work to which the employees were entitled under Arkansas law.

43. Plaintiffs will fairly and adequately protect the interests of the putative classes. Plaintiffs have no conflicts with the putative class members. Plaintiffs' counsel possess the requisite resources and is experienced in class action litigation.

44. Defendants have acted or refused to act on grounds generally applicable to the Arkansas Injunctive Relief Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Arkansas Injunctive Relief Class as a whole. Plaintiffs and the

Arkansas Injunctive Relief Class are entitled to injunctive relief to end Defendants' common and uniform practice of failing to properly compensate Plaintiffs and the putative Class for all hours worked for the benefit of Defendants. Fed. R. Civ. P. 23(b)(2).

45. The questions of law and fact common to the putative class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). More specifically, members of the proposed Arkansas Injunctive Relief and Monetary Classes have little or no interest in individually controlling the prosecution of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed Arkansas Injunctive and Monetary Classes. Fed. R. Civ. P. 23(b)(3)(B). It is desirable to concentrate the litigation of the claims in this Court because Defendant does a substantial amount of business in this District. Fed. R. Civ. P. 23(b)(3)(C).

46. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. Fed. R. Civ. P. 23(b)(3)(D).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

47. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Butterball is, and was,

subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce. All Defendants are "employers" under the FLSA.

49. FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, *i.e.*, donning and doffing and sanitizing required equipment, as well as donning and doffing and sanitizing equipment before and after meals and other breaks. These types of activities are integral and indispensable parts of Defendants' hourly production and support employees' jobs at the Arkansas Butterball plants.

50. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of 40 hours. Defendants have at all times been subject to this requirement to pay its hourly production and support employees one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of 40 hours. Defendants' hourly production and support employees, including the named Plaintiffs, regularly worked more than 40 hours per week and occasionally worked 60 or more hours per week. Defendants violated the FLSA by requiring hourly production and support employees to perform compensable work in excess of 40 hours without proper compensation.

51. By failing to keep, record, report or preserve records of hours worked by the Plaintiffs and the Class, Defendants have failed to make, keep, and preserve records with respect to each of their hourly production and support employees sufficient to determine the employees' wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 et seq.

52. The FLSA Employees are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. Defendants' failure to pay overtime to FLSA Employees was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that their failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Employees are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay, the FLSA Employees are entitled to an award of prejudgment interest at the applicable legal rate.

53. Plaintiffs also seek reasonable attorneys' fees and costs, to be paid by Defendants, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### VIOLATION OF ARKANSAS CODE §§ 11-4-211, 11-4-217 and 11-4-218 AND OF ARKANSAS RULES 010.14-102 and 010.14-108

54. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55. Throughout the relevant time period, Defendants were subject to the requirements of the Minimum Wage Act of the State of Arkansas ("Act"), Ark. Code Tit. 11, Ch. 4, Subch. 2. Ark. Code §§ 11-4-201 et. seq.

56. Defendants were employers within the meaning of Arkansas Code § 11-4-203(4).

57. Defendants were required to pay overtime pay in accordance with Arkansas Code § 11-4-211, which provides in pertinent part:

**Overtime**. [N]o employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 ½) times the regular rate of pay at which he or she is employed.

58. Plaintiffs and members of the putative Arkansas Injunctive Relief and Monetary Classes are employees within the meaning of Arkansas Code § 11-4-203(3), and are entitled to the protections of the Act and its overtime provision.

59. When walking, donning and doffing time, sanitation time, and time worked during unpaid meal and rest breaks is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work each individual Plaintiff and putative Arkansas Injunctive Relief and Monetary Class Member engaged in each work week. As such, the uncompensated walking, donning and doffing time, sanitation time, and time worked during unpaid meal and rest breaks should have been compensated at an overtime rate of pay under Section 11-4-211.

60. By failing to keep, record, report or preserve records of hours worked by Plaintiffs and members of the putative Arkansas Injunctive Relief and Monetary Classes, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the employees' wages, hours, and other conditions and practices of employment, in violation of Arkansas Code § 11-4-217 and Code of Arkansas Rule 010.14-102.

61. In addition, throughout the relevant time period, Defendants were employers within Code of Arkansas Rule 010.14-100, and subject to the requirements of Code of Arkansas Rule 010.14-108.

62. Rule 010.14-108 requires employers to compensate all employees for each hour worked.

63. Plaintiffs and members of the putative the Arkansas Injunctive Relief and Monetary Classes are employees within the meaning of Arkansas Code § 11-4-203(3), and are entitled to the protections of Code of Arkansas Rule 010.14-108.

64. Defendants have willfully violated Section 11-4-218 and Code of Arkansas Rule 010.14-108 by regularly and repeatedly failing to compensate Plaintiffs and the putative Injunctive Relief and Monetary Classes for all hours worked, including uncompensated walking, donning and doffing time, sanitation time, and time worked during unpaid meal and rest breaks at overtime rates for those weeks in which Class Members worked more than 40 hours per week, and for failing to compensate Plaintiffs and the Class at their regular rate for all hours worked up to forty hours per week during those same weeks.

65. Arkansas Code § 11-4-218 and Arkansas Code, Tit. 11, Ch. 4, Subch. 4, require Defendants to pay its employees all wages due within the time specified by law. Section 11-4-218 provides that if an employer fails to pay such wages, the employer is liable to the employee for the full amount of wages, plus an additional amount as provided in Arkansas Code § 11-4-218(a)(2).

66. Defendant has willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the rate of hourly pay for compensable work in excess of 40 hours.

67. Defendant is liable to Plaintiffs and the Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Arkansas Code § 11-4-218.

## **DEMAND FOR JURY**

68. The Plaintiffs hereby demand a trial by jury of twelve (12) for all issues in this case.

69. Plaintiffs, individually and alternatively as class representatives, seek a temporary restraining order or permanent injunction, to the full extent allowed by Arkansas Code and common law, to force Butterball to fully comply with Arkansas wage and hour law and to prohibit the activities complained of herein, anywhere within the State of Arkansas.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo, Christopher Smith, John Snarr and James Rollins, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Sue;

2. Designation of the Named Plaintiffs as Representatives of the FLSA Class;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

5. Costs of the action incurred herein, including expert fees;

6. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7. Pre- and post-judgment interest, as provided by law; and

8. For equitable relief as alleged herein.

9. For any other and further relief the Court may deem just or equitable.

**WHEREFORE,** Plaintiffs Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo, Christopher Smith, John Snarr and James Rollins, on behalf of themselves and all members of the Arkansas Injunctive Relief and Monetary Classes, pray for relief as follows:

10. Certification of this action as a class action on behalf of the proposed Arkansas Injunctive Relief and Monetary Classes pursuant to Fed. R. Civ. P. 23;

11. Designation of the Plaintiffs Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo and James Rollins, as Named Representatives of the Arkansas Injunctive Relief Class;

12. Designation of the Plaintiffs Roxie Garner, Roy Garner, Jason Foster, Miguel Anguiano Araujo, Christopher Smith, John Snarr and James Rollins, as Named Representatives of the Arkansas Monetary Class;

13. A declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

14. Appropriate equitable and injunctive relief to remedy Defendants' violations of Arkansas law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices anywhere within the State of Arkansas;

15. Appropriate statutory penalties;

16. An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendants according to proof;

17. Costs of the action incurred herein, including expert fees;

18. Attorneys' fees and costs of suit, including expert fees;

19. Pre- and post-judgment interest, as provided by law; and

20. For any other and further relief the Court may deem just or equitable.

Dated: July 21, 2010

Respectfully Submitted,

**LARSON • KING, LLP**

*[signature]*

T. Joseph Snodgrass (MN#231071)
Kelly Swanson (MN#330838)
Troy Tatting (MN#354156)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6510

**ZIMMERMAN REED, P.L.L.P.**
J. Gordon Rudd, Jr. (MN#222082)
Anne T. Regan (MN#333852)
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400

**VEON & ENGLAND, LLP**
Robert T. Veon, Esq. (AR#91264)
2710 Arkansas Boulevard
Texarkana, AR 71854
Phone: (870) 774-7390

*ATTORNEYS FOR PLAINTIFFS AND PROPOSED COLLECTIVE AND CLASS ACTION REPRESENTATIVES*

1286372