UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ROXIE GARNER, ROY GARNER, JASON FOSTER, MIGUEL ANGUIANO ARUAJO, CHRISTOPHER SMITH, JOHN SNARR, and JAMES ROLLINS, on behalf of themselves and all others similarly situated, | : : : : : : | Civil No. 4:10-CV-1025-JLH |
| Plaintiffs and Proposed Collective and Class Action Representatives, | : : : | |
| v. | : : | |
| BUTTERBALL, LLC and GARY R. LENAGHAN, | : : : | |
| Defendants. | : : | |

**ANSWER**

Defendants Butterball, LLC ("Butterball") and Gary R. Lenaghan ("Defendants"), by and through their undersigned counsel, file their Answer to Plaintiffs' Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

1.      Defendants admit that Plaintiffs are current and former production workers who are and were employed by Butterball at its Ozark and Huntsville turkey processing plants located in the state of Arkansas.  Defendants deny that Walter Pelletier, James Louis Maxwell III, Keith Shoemaker, Jerry Godwin and Gary R. Lenaghan have employed Plaintiffs at any time, and further deny that Walter Pelletier, James Louis Maxwell III, Keith Shoemaker and Jerry Godwin are Defendants, in light of the Court's Order entered February 2, 2011 dismissing all claims against them.  Defendants acknowledge that Plaintiffs attempt to seek relief on a collective and a

1

class-wide basis, but deny that collective or class treatment is appropriate, or that Plaintiffs are entitled to any relief or recovery.  Defendants deny having a practice and policy of not fully compensating employees, including time they spend donning, doffing and sanitizing gear and equipment, and walking to and from the production floor at Butterball's poultry processing plants, within the meaning of applicable federal and state law.  Plaintiffs' allegation that these activities were "necessary and indispensable to Plaintiffs' principal work" sets forth a legal conclusion to which no response is required.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

2.     Defendants deny that Plaintiffs are entitled to or should be permitted to bring this FLSA collective action on behalf of themselves and all persons who were, are or will be employed by Defendants as hourly production and support employees at Butterball's turkey processing plants located in the State of Arkansas within the "FLSA Period" and who allegedly have not received full compensation for all hours worked under the FLSA.  This Court has dismissed all such employees who work or worked at Butterball's Jonesboro, Arkansas plant. Defendants deny that collective treatment is appropriate.  Defendants further deny the allegation that Plaintiffs or those on whose behalf Plaintiffs purport to bring this class/collective action have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA").  Defendants also deny that Mr. Lenaghan "employed" Plaintiffs.  Defendants further deny that any current or former Defendant employed any "temporary workers" working at the Arkansas turkey processing facilities.

3.     Defendants acknowledge that Plaintiffs have purported to define "FLSA Period" for purposes of this lawsuit.  Defendants deny that the time period of three years from the date of the opt-in filing of this action is the applicable statute of limitations in this case under the FLSA.

Defendants admit that certain but not all of the Plaintiffs in this lawsuit are also opt-ins in the matter of *Helmert v. Butterball, LLC*, Case No. 4:08-cv-0342 (E.D. Ark.)  Defendants admit the initial opt-in period in *Helmert* concluded on May 5, 2010 and the matter is set for trial on September 7, 2011.  Defendants further admit that the *Helmert* court has not ruled upon the end date for the collective action period and that Butterball may argue that the end date has already expired.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

4.     Defendants deny that the Plaintiffs who are current employees bring a putative class action for injunctive relief on behalf of themselves and all persons who are or will be employed by Defendants as hourly production and support employees at Butterball's turkey processing plants located in the State of Arkansas.  This Court has dismissed all such employees who work or worked at Butterball's Jonesboro, Arkansas plant.  Defendants deny that any current or former Defendant other than Butterball "employed" Plaintiffs.  Defendants further deny that any Defendant employed any "temporary workers" working at the Arkansas turkey processing facilities.  Defendants deny that Plaintiffs are entitled to seek or obtain a statewide injunction against Defendants anywhere in the State of Arkansas, including this judicial district, particularly in view of the fact that this Court has dismissed all employees who work or worked at Butterball's Jonesboro, Arkansas plant from the case.  Defendants also deny Plaintiffs are entitled to any such statewide injunction.  Plaintiffs' allegation as to whether it is mandatory to certify a Rule 23 class before imposing statewide injunctive relief is a legal conclusion to which no response is required.

5.     Defendants acknowledge that Plaintiffs purport to bring a putative class action for monetary relief on behalf of themselves and all persons who were, are or will be employed by

Butterball as hourly production and support employees in Butterball's Ozark and Huntsville, Arkansas poultry processing plants to the extent they worked within the time period within the "Arkansas Monetary Class Period," and who allegedly have not received full compensation for all hours worked under state law.  Defendants deny that class action treatment is appropriate and that Plaintiffs are entitled to any monetary relief.  Defendants further deny Plaintiffs' allegation the "Arkansas Monetary Class Period" means the time period from five years from the date of the statute of limitations accrual in the lawsuit.  Defendants also deny Plaintiffs' allegation they have not received full compensation for all hours worked under state law.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

6.      Defendants acknowledge Plaintiffs purport to define the "Arkansas Monetary Relief Class Period" as the time period from five years from the date of the statute of limitations accrual in the lawsuit.  Defendants deny the appropriate statute of limitations under the Arkansas Minimum Wage Act is five years from the date of accrual in the lawsuit.  Defendants deny that the *Helmert* lawsuit tolled the date of accrual of the statute of limitations.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

7.      Defendants deny Plaintiffs, opt-ins or future opt-ins are entitled to extend the period of their claims on statutory, equitable or any other grounds.

8.      Defendants deny Plaintiffs are entitled or should be permitted to bring this putative class action on behalf of similarly situated persons currently or formerly employed by Defendants in the State of Arkansas because this Court has dismissed all employees who work or worked at Butterball's Jonesboro, Arkansas plant from the case.  Defendants deny class treatment is appropriate.  Defendants deny that any current or former Defendant other than Butterball employed any of the individuals working at Butterball's Arkansas facilities at any

4

time.  Defendants further deny that any of Butterball's pay practices relating to the time employees spend donning, doffing and sanitizing gear and equipment, and walking to and from the production floor violate state wage and hour law.

9.     Defendants admit some employees have provided written consents to participate in this litigation as required by 29 U.S.C. § 216(b).  Defendants deny that three years from the date of the opt-in filing in this action is the applicable statute of limitations under the FLSA. Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

10.    Defendants deny that all persons currently or formerly employed by Defendants in similar employment positions which are not exempt from the minimum wage and overtime requirements of the FLSA within the "FLSA Period" are entitled to participate in this action. Defendants further deny that any current or former Defendant other than Butterball employed any persons working at the Arkansas production facilities at any time.  Defendants deny that three years from the date of the opt-in filing in this action is the applicable statute of limitations under the FLSA.  Defendants admit the federal cause of action is brought as a proposed collective action under and pursuant to 29 U.S.C. § 216(b), but deny that Plaintiffs are entitled to or should be permitted to maintain a collective action under that statute.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

## PARTIES

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants admit the allegations in paragraph 12.

13.    Defendants admit the allegations in paragraph 13.

14.    Defendants admit the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit Butterball is a North Carolina limited liability company. Defendants deny Butterball has "significant operations throughout the United States," but admit that Butterball operates processing plants in Jonesboro, Huntsville and Ozark, Arkansas. Defendants deny the remainder of the allegations in paragraph 18 of Plaintiffs' Complaint other than those specifically admitted.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint, including that Walter Pelletier is a Defendant in this lawsuit.  Plaintiffs do not define the terms "owner," "officer" or "operator."  Defendants specifically deny that any decision was ever made by Walter Pelletier not to pay Plaintiffs for all time spent donning and doffing.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint, including that James Louis Maxwell, III is a Defendant in this lawsuit.  Plaintiffs do not define the terms "owner," "officer" or "operator."  Defendants specifically deny that any decision was ever made by James Louis Maxwell, III not to pay Plaintiffs for all time spent donning and doffing.

21.     Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint, including that Keith Shoemaker is a Defendant in this lawsuit.  Plaintiffs do not define the terms "officer" or "operator."  Defendants specifically deny that any decision was ever made by Keith Shoemaker not to pay Plaintiffs for all time spent donning and doffing.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiffs'

6

Complaint, including that Jerry Godwin is a Defendant in this lawsuit.  Plaintiffs do not define the terms "officer" or "operator."  Defendants specifically deny that any decision was ever made by Jerry Godwin not to pay Plaintiffs for all time spent donning and doffing.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.  Plaintiffs do not define the terms "officer" or "operator."  Defendants specifically deny that any decision was ever made by Gary R. Lenaghan not to pay Plaintiffs for all time spent donning and doffing.

24.     Defendants admit that, prior to October 2006, ConAgra owned and operated the Arkansas Butterball plants.  Defendants deny the remainder of the allegations in paragraph 11 other than those specifically admitted.

25.     Defendants admit that, upon acquiring the Arkansas plants from ConAgra, Butterball maintained identical processing locations and continued the business and processing operations previously employed by ConAgra.   Defendants deny Butterball maintained "substantial" employee, supervisory and managerial continuity and retention as Plaintiffs do not define "substantial."   Defendants deny the remainder of the allegations in paragraph 25 other than those specifically admitted.

## JURISDICTION AND VENUE

26.     Defendants acknowledge that Plaintiffs attempt to invoke the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) of the FLSA.  To the extent the recitation of the purported basis for jurisdiction gives rise to any inference Defendants engaged in any unlawful conduct toward Plaintiffs or the putative opt-in or opt-out class members or that they are entitled to any remedy or relief from the Defendants, such inference is denied.

27.     Defendants acknowledge Plaintiffs attempt to invoke jurisdiction of this court over Plaintiffs' claims under Arkansas law under 28 U.S.C. § 1367 and the Class Action Fairness Act of 2005.  Defendants admit the Class Action Fairness Act applies to Plaintiffs' claims.  To the extent the recitation of the purported basis for jurisdiction gives rise to any inference Defendants engaged in any unlawful conduct toward Plaintiffs or the putative opt-out class members or that they are entitled to any remedy or relief from the Defendants, such inference is denied.

28.     Defendants admit the Eastern District of Arkansas has specific, but not general, personal jurisdiction over Butterball.  To the extent the recitation of the purported basis for jurisdiction gives rise to any inference Defendants engaged in any unlawful conduct toward Plaintiffs or the putative opt-out class members or that they are entitled to any remedy or relief from the Defendant, such inference is denied.  Defendants deny the Eastern District of Arkansas has personal jurisdiction over Mr. Lenaghan.  Mr. Lenaghan does not "do business" in Arkansas or the Eastern District, operate processing plants in Arkansas or the Eastern District, or employ any workers in Arkansas or the Eastern District.  Defendants admit that Butterball has purposefully availed itself of the privilege of conducting activities within the State of Arkansas.  Defendants deny that Mr. Lenaghan has purposefully availed himself of the privilege of conducting activities within the State of Arkansas.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

29.     Defendants deny that Butterball resides in this District.  Defendants deny venue is proper as none of the events or omissions giving rise to the claims alleged occurred in this District.  Defendants admit that Butterball's contacts within this District are sufficient to subject it to specific, but not general, personal jurisdiction in this District.  Defendants deny that Mr.

Lenaghan's contacts within this District are sufficient to subject him to personal jurisdiction in this District.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

## FACTUAL ALLEGATIONS

30.     Defendants admit that Butterball operates three poultry processing plants in the State of Arkansas.  Defendants deny than Mr. Lenaghan operates any poultry processing plants in the State of Arkansas.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

31.     Defendants admit that production and support employees at Butterball's processing plants are nonexempt hourly employees and the work performed by these employees is nonexempt work.  Defendants deny that Mr. Lenaghan owns or operates any processing plants.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

32.     Defendants deny that Mr. Lenaghan employs any hourly production and support employees.  Defendants deny the remainder of the factual allegations contained in paragraph 32, including the allegations contained in subparts A-E, other than those specifically admitted.  The allegations contained in subpart E contain a hypothetical legal statement that Defendants need not affirm or deny.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.  Defendants specifically deny that Mr. Lenaghan employs any hourly production and support employees.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiffs'

Complaint.  Defendants specifically deny that Mr. Lenaghan has any pay practices.

35.     Defendants acknowledge that Plaintiffs seek to recover overtime compensation, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.  Defendants deny Plaintiffs are entitled to any of the relief requested.  Defendants further deny that Mr. Lenaghan has any pay practices or employs any employees.  Defendants deny the remainder of the allegations contained in paragraph 35 other than those specifically admitted.

## COLLECTIVE ACTION ALLEGATIONS

36.     Defendants admit Plaintiffs seek to bring their first cause of action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class. Defendants deny that collective treatment is appropriate, deny that this case should be certified as a collective action, and deny that Plaintiffs are entitled to any relief under the FLSA. Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.  Defendants specifically deny that Mr. Lenaghan has any pay practices, policies or plans.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

## ARKANSAS CLASS ACTION ALLEGATIONS

39.     Defendants admit that Plaintiffs seek to bring their second cause of action for alleged violation of Arkansas's statutes as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  Defendants deny class treatment is appropriate, deny that

this Court should certify any class, and deny that Plaintiffs are entitled to any relief under any Arkansas statute.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

40.     Defendants deny the first sentence of Paragraph 40.  Defendants admit the exact size of the putative classes is unknown.  Defendants deny the exact size may be determined from records maintained by Butterball.  Defendants further deny that Mr. Lenaghan possesses any records of employees.  Defendants admit the number of persons currently employed by Butterball at the Arkansas plants is more than 1,000 persons, but denies that employees at Butterball's Jonesboro, Arkansas plant can be members of the classes pled.  Defendants deny that Mr. Lenaghan employs anyone.  Defendants admit that based on Plaintiffs' allegations, former employees are included as putative class members but denies their entitlement to any relief.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.  Defendants specifically deny that Mr. Lenaghan maintains any pay practices or policies.

43.     Defendants deny the allegations contained in the first sentence of paragraph 43. Defendants are without sufficient information to affirm or deny the allegations contained in the last sentence of paragraph 43.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint that (1) members of the proposed Arkansas Injunctive Relief and Monetary Classes have interest in individually controlling the prosecution of separate actions; and (2) Plaintiffs are aware of other litigation concerning the controversy commenced by the proposed Arkansas Injunctive and Monetary Classes.  Defendant specifically denies any allegation that Mr. Lenaghan does a "substantial amount of business in this District." Since Plaintiffs do not define "substantial," Defendants deny this allegation as to Butterball as well.  Defendants deny the remainder of the allegations contained in paragraph 45 other than those specifically admitted.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

47.     Defendants re-allege and incorporate by reference each and every response set forth in paragraphs 1-46 of this Answer.

48.     Defendants deny the FLSA regulates the payment of "all hours worked." Defendants admit the remainder of the allegations contained in the first sentence of paragraph 48.  Butterball admits the allegations contained in the second sentence of paragraph 48 but deny that it has violated the FLSA.  Defendants deny the allegations contained in the third sentence of paragraph 48.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Defendants admit the allegations contained in the first sentence of paragraph 50.

Defendants deny that Mr. Lenaghan has been subject to the FLSA's requirement at any time. Defendants admit Butterball has been subject to the requirements of the FLSA since it has operated the Arkansas facilities, but denies that it has violated the FLSA.  Defendants deny that Mr. Lenaghan employs anyone.  Defendants deny all of the remaining allegations contained in paragraph 50 other than those specifically admitted.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendants deny that Mr. Lenaghan pays any employees or "employ" anyone. Defendants deny all of the remaining allegations contained in paragraph 52.

53.     Defendants acknowledge Plaintiffs seek reasonable attorneys' fees and costs, but deny that Plaintiffs are entitled to any of the relief requested.

**SECOND CAUSE OF ACTION**
**VIOLATION OF ARKANSAS CODE §§ 11-4-211, 11-4-217 AND 11-4-218 AND OF ARKANSAS RULES 010.14-102 AND 010.14-108**

54.     Defendants re-allege and incorporate by reference each and every response set forth in paragraphs 1-53 of this Answer.

55.     Defendants deny that, throughout the relevant time period, Defendants were subject to the requirements of the Minimum Wage Act of the State of Arkansas ("AMWA").  At no time has Mr. Lenaghan been subject to the requirements of the AMWA.  Butterball has only been subject to the requirements of the AMWA since it began operating turkey processing facilities in Arkansas on October 2, 2006.

56.     Defendants deny the allegations contained in paragraph 56 as to Mr. Lenaghan. Defendants admit the allegations in paragraph 56 as to Butterball.  Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

57.     Defendants deny that Mr. Lenaghan was required to pay overtime in accordance with Arkansas Code § 11-4-211.  Defendants admit that Butterball is required to pay overtime in accordance with the requirements of the statute, and denies that it violated the Arkansas Minimum Wage Act.   Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

58.     Defendants admit the allegations contained in paragraph 58 of Plaintiffs' Complaint, but deny that it violated the Arkansas Minimum Wage Act.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendants deny that, throughout the relevant time period, Defendants were employers within Code of Arkansas Rule 010.14-100 and subject to the requirements of Code of Arkansas Rule 010.14-108.  At no time has Mr. Lenaghan been an employer within Code of Arkansas Rule 010.14-100 and subject to the requirements of Code of Arkansas Rule 010.14-108.  Butterball has only been an employer within Code of Arkansas Rule 010.14-100 and subject to the requirements of Code of Arkansas Rule 010.14-108 since it began operating turkey processing facilities in Arkansas on October 2, 2006.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     Defendants admit the allegations contained in paragraph 63 of Plaintiffs' Complaint, but deny that they have violated the Arkansas Minimum Wage Act.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiffs'

Complaint.

65.     Defendants deny that Arkansas Code § 11-4-218 and Arkansas Code, Tit. 11, Ch. 4, Subch. 4 require Mr. Lenaghan to pay anyone wages.  Defendants admit that Arkansas Code § 11-4-218 and Arkansas Code, Tit. 11, Ch. 4, Subch. 4 require Butterball to pay its employees all wages due within the time specified by law, but deny that it has violated the Arkansas Minimum Wage Act.  Defendants admit the allegations contained in the second sentence of paragraph 65. Defendants deny all of the remaining allegations contained in this paragraph other than those specifically admitted.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

## DEMAND FOR JURY

68.     Defendants acknowledge that Plaintiffs attempt to demand a trial by jury for all issues in this case.  Defendants deny any remaining allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     Defendants acknowledge that Plaintiffs seek a temporary restraining order or permanent injunction.  Defendants deny that Plaintiffs are entitled to any such relief.

Defendants deny all other allegations included in Plaintiffs' Complaint that are not expressly admitted herein.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief requiring neither an admission or denial by Defendants.  To the extent, however, the prayer gives rise to any inference such relief

is proper or that Plaintiffs or any purported class is entitled to any remedy or relief from Defendants, such inference is denied.

WHEREFORE, Defendants deny that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, are entitled to any relief whatsoever under the allegations set forth in the Complaint.  Defendants request that the Court dismiss the claims with prejudice in their entirety and that Defendants be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to plead a prima facie case arising under the FLSA, the Minimum Wage Act of the State of Arkansas, or any other state laws.

### THIRD DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## FOURTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA or the Minimum Wage Act of the State of Arkansas, are barred to the extent that Plaintiffs seek damages beyond the applicable limitations periods.

## FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs cannot establish that any acts or omissions of Defendant were willful under the FLSA or the Minimum Wage Act of the State of Arkansas.

## SIXTH DEFENSE

Plaintiffs' claims under the FLSA, the Minimum Wage Act of the State of Arkansas, or any other state laws, are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, submitted false and inaccurate time records.  In such situations, Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

## SEVENTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent that the time for which Plaintiffs allege that they and any other person on whose behalf Plaintiffs seek to assert a claim that they have not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA or AMWA and do not trigger the beginning or end of the workday.

## EIGHTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent the personal protective equipment worn by employees is primarily for the benefit of

the employees, the time putting on or taking off such equipment is not compensable under the FLSA or AMWA and does not trigger the beginning or end of the workday.

## NINTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA, the Minimum Wage Act of the State of Arkansas or any other state laws with respect to matters alleged in the Complaint.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to bring the proposed collective or class actions under the FLSA, the Minimum Wage Act of the State of Arkansas, or any other state laws.  In particular, Plaintiffs (who are all production employees) do not have standing to proceed with claims under the FLSA or AMWA on behalf of any "support" employees who have worked at Butterball's Huntsville and Ozark facilities.

## ELEVENTH DEFENSE

Plaintiffs' claims under the FLSA, the Minimum Wage Act of the State of Arkansas, or any other state laws, are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, have been paid all wages due.

## TWELFTH DEFENSE

Plaintiffs cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for a class action for their claims under the Minimum Wage Act of the State of Arkansas, or any other state laws.

## THIRTEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because joinder of all members of the potential class is practicable.

## FOURTEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because there are no questions of fact or law common to the proposed class that predominate over any questions affecting only individual members.

## FIFTEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because the representative parties will not fairly and adequately protect the interests of the proposed class.

## SIXTEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because the class action is not an appropriate method for the fair and efficient adjudication of this controversy.

## SEVENTEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because Butterball did not maintain common, uniform policies practices applicable to the proposed class.

## EIGHTEENTH DEFENSE

To the extent Plaintiffs claim that Butterball is not entitled to pay employees an average, reasonable amount of time for time spent engaged in donning, doffing, walking and sanitizing activities, but rather that each employee must be paid based on the times each individual first touches or first dons any protective equipment to the time each individual last touches or last doff any protective equipment, such a claim precludes certification of a class action under Rule 23 as the determination of liability for each employee would be highly individualized and would

predominate over any trial.  In addition, trial of the case as a class action would not be superior to trials of individual claims.

## NINETEENTH DEFENSE

Plaintiffs' claims under the FLSA for overtime are barred to the extent that Plaintiffs, or any other person Plaintiffs seek to include in this case, worked less than 40 hours per week, but received payments in excess of what he or she would have been paid had he or she worked 40 hours per week at minimum wage.

## TWENTIETH DEFENSE

With regard to both the time periods preceding and following the Supreme Court's opinion in <u>IBP, Inc v. Alvarez</u>, Defendants' actions have been in good faith and based upon reasonable grounds for believing that such violations were not in violation of the FLSA within the meaning of 29 U.S.C. § 260.  Defendants' good faith defense to liquidated damages is specifically based upon Department of Labor regulations, opinions and interpretations of the FLSA by the Department of Labor and any other government agencies, prior results and decisions in other actions relating the to the compensability of activities performed or allegedly performed by employees in the poultry and meat industries, and articles and publications regarding the requirements of the FLSA.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act including 29 U.S.C. § 254(a).

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for compensation are barred to the extent Plaintiffs seek to assert claims for time spent donning and doffing any protective gear or clothing which Plaintiffs are permitted

to don and doff at home or otherwise away from the workplace.

## TWENTY-THIRD DEFENSE

Applicable federal law and regulations specifically exclude from compensable time that time spent donning and doffing any protective gear or clothing worn by Plaintiffs as well as any time spent waiting to obtain such gear and garments.

## TWENTY-FOURTH DEFENSE

All activities related to putting on or removing clothing or protective gear, to the extent performed by Plaintiffs or other employees, constitute activities which are preliminary or postliminary to any principal activities which such employees are employed to perform, and are not compensable.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA or the Minimum Wage Act of the State of Arkansas, are barred to as to periods that Defendants did not own or operate the Arkansas plants.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA or the Minimum Wage Act of the State of Arkansas, are barred by the doctrine of *stare decisis*.  Specifically, some of Plaintiffs' claims are precluded by precedent established by prior decisions of this Court.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Mr. Lenaghan are precluded to the extent Mr. Lenaghan is not subject to personal jurisdiction in the State of Arkansas.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for injunctive relief on behalf of other employees are barred to the extent Plaintiffs are not and do not continue to be current employees of Defendants.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred to the extent they have already recovered the same relief for the same time periods in other litigation against Butterball.

## THIRTIETH DEFENSE

Plaintiffs' claims against Mr. Lenaghan are barred prior to October 2, 2006 because Mr. Lenaghan is not a successor to ConAgra, which owned and operated the Huntsville and Ozark plants prior to that date.

## THIRTY-FIRST DEFENSE

Even if Butterball did not act in good faith compliance with the requirements of the FLSA (which it did), Mr. Lenaghan's actions have been in good faith and based upon reasonable grounds for believing that his action were not in violation of the FLSA within the meaning of 29 U.S.C. § 260.

## THIRTY-SECOND DEFENSE

Plaintiffs are not entitled to tolling of the statute of limitations for their FLSA or AMWA claims against Butterball based on the pendency of any previous litigation against Butterball in this district.

## THIRTY-THIRD DEFENSE

Even if Plaintiffs are entitled to tolling of the statute of limitations for their FLSA or AMWA claims against Butterball based on the pendency of previous litigation against Butterball in this district (which they are not), Plaintiffs are not entitled to tolling of the statute of

limitations for their FLSA or AMWA claims against Mr. Lenaghan as there is no previous litigation against Mr. Lenaghan in this district or any other district.

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.  In particular, Defendants reserve the right to assert affirmative defenses with respect to other state laws if and to the extent Plaintiffs identify such laws.

Respectfully submitted this 16th day of February, 2011.

*/s/ Eric Magnus*
Stephen X. Munger
Georgia Bar No. 529611
Eric R. Magnus
Georgia Bar No. 801405
Justin R. Barnes
Georgia Bar No. 105220

JACKSON LEWIS LLP
1155 Peachtree Street
Suite 1000
Atlanta, Georgia  30309-3600
Telephone:     404-525-8200
Facsimile:     404-525-1173

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ROXIE GARNER, ROY GARNER, JASON FOSTER, MIGUEL ANGUIANO ARUAJO, CHRISTOPHER SMITH, JOHN SNARR, and JAMES ROLLINS, on behalf of themselves and all others similarly situated, | : : : : : : | Civil No. 4:10-CV-1025-JLH |
| Plaintiffs and Proposed Collective and Class Action Representatives, | : : : | |
| v. | : : | |
| BUTTERBALL, LLC, WALTER PELLETIER, JAMES LOUIS MAXWELL, III, KEITH SHOEMAKER, JERRY GODWIN, and GARY R. LENAGHAN, | : : : : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2011, I electronically filed the foregoing with the

Clerk of the Court using ECF which will send notification of such filing to the following:

T. Joseph Snodgrass, Esq.
Kelly Swanson, Esq.
Troy Tatting, Esq.
**LARSON & KING, LLP**
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101

J. Gordon Rudd, Jr., Esq.
Anne T. Regan, Esq.
**ZIMMERMAN REID, P.L.L.P.**
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402

Robert T. Veon, Esq.
**VEON & ENGLAND, LLP**
2710 Arkansas Boulevard
Texarkana, AR  71854

*/s/ Eric R. Magnus*
Eric R. Magnus

4818-1525-6839, v.  1

24