UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

SHEILA HELMERT, WILMA BROWN and,
LORI WEST, on behalf of themselves and others
similarly situated,

Civil No. 4:08-CV-0342 JLH

Plaintiffs and Collective
Action Representatives,

v.

BUTTERBALL, LLC,

Defendant.

---

ROXIE GARNER, ROY GARNER,
MIGUEL ANGUIANO ARAUJO,
CHRISTOPHER SMITH, JOHN SNARR,
and JASON FOSTER on behalf of
themselves and others similarly situated,

Civil No. 4:10-cv-01025-JLH

Plaintiffs and Class Action
Representatives,

v.

BUTTERBALL, LLC,
and GARY R. LENAGHAN,

Defendants.

---

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

SHEILA HELMERT, WILMA BROWN and,          Civil No. 4:08-CV-0342 JLH
LORI WEST, on behalf of themselves and others
similarly situated,

                    Plaintiffs and Collective
                    Action Representatives,

v.

BUTTERBALL, LLC,

                    Defendant.

---

ROXIE GARNER, ROY GARNER,                 Civil No. 4:10-cv-01025-JLH
MIGUEL ANGUIANO ARAUJO,
CHRISTOPHER SMITH, JOHN SNARR,
and JASON FOSTER on behalf of
themselves and others similarly situated,

                    Plaintiffs and Class Action
                    Representatives,

v.

BUTTERBALL, LLC,
and GARY R. LENAGHAN,

                    Defendants.

---

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

WHEREAS, Plaintiffs Sheila Helmert, Wilma Brown and Lori West, et al., filed a civil action on or about April 18, 2008, individually and on behalf of all other similarly-situated persons, against Defendant Butterball, LLC ("Butterball") in the Eastern District of Arkansas, Case No. 4:08-cv-00342-JLH.

WHEREAS, Plaintiffs Roxie Garner, Roy Garner, Miguel Anguiano Araujo, Christopher Smith, John Snarr and James Rollins, et al., filed a civil action on or about July 22, 2010, individually and on behalf of all other similarly-situated persons, against Defendants Butterball,

Walter Pelletier, James Louis Maxwell, III, Keith Shoemaker, Jerry Godwin and Gary R. Lenaghan in the Eastern District of Arkansas, Case No. 4:10-cv-01025-JLH.[1]

WHEREAS, on June 12 and 13, 2012, the representatives of the plaintiffs in the *Garner* and *Helmert* cases (collectively, "Plaintiffs") and Defendants Butterball and Gary R. Lenaghan ("Defendants") attended a settlement conference with a mutually-agreed upon private mediator, Joseph T. Dixon of Henson & Efron, P.A. in St. Paul and Minneapolis, Minnesota, to discuss a possible resolution of this matter.  Plaintiffs and Defendants continued discussing a possible resolution of this matter with Mr. Dixon through and including July 23, 2012.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the *Helmert* and *Garner* Actions or that reasonably arise out of the facts alleged in these Actions, *i.e.,* the alleged practices set forth in detail in the pleadings in the *Helmert* and *Garner* Actions.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1. Definitions:

    a. The "Settlement Class" or the "Class" consists of all current or former hourly-paid "production employees" (defined as Evisceration, Bagging/Packaging, Deboning, Boxing, Boneless Rolled Turkey (BRT), Smoke & Bake, Tied Roast and Traypack) who work or worked at the Butterball, LLC turkey processing plants located in Huntsville and Ozark, Arkansas, at any time between October 1, 2006 and July 1, 2012 as defined in Paragraph 18 below. The "Settlement Class" also includes all opt-in plaintiffs in the *Helmert* matter and all temporary employees included in orders of the Court.  These individuals have been identified in the class lists provided by Butterball to Class Counsel.

    b. "Class Member" means an individual within the foregoing Class.

    c. "Releasees" refers to and includes Defendants, Butterball's present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") including but not limited to all officers, directors and managers of Butterball in their personal capacities.

---

[1] James Rollins was not designated as a class representative, but remains a class member.  Walter Pelletier, James Louis Maxwell, III, Keith Shoemaker and Jerry Godwin were dismissed as Defendants on February 2, 2011.

    d. The "Parties" refers collectively to Plaintiffs and Defendants.

    e. "Class Counsel" refers to Larson • King, LLP, Zimmerman Reed, PLLP, and the Veon Law Firm, PA.

    f. "Lawsuits" means *Sheila Helmert, et al. v. Butterball, LLC,* U.S. District Court for the Eastern District of Arkansas Case No. 4:08-CV-0342 JLH and *Roxie Garner, et al. v. Butterball, LLC, et al.,* U.S. District Court for the Eastern District of Arkansas Case No. 4:10-CV-01025-JLH.

    g. "Claims Administrator" means Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792.

    h. "Effective Date" is defined as the later of: (i) the date when the time for appeal has expired; or (ii) the date of the final resolution of any appeal of the Settlement Agreement if an appeal has been filed and not dismissed.

2.    This Settlement Agreement is made and entered into by and between the Plaintiffs and the Defendants. This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court. Plaintiffs and Defendants hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Actions, on the terms and conditions set forth in this Settlement Agreement.

3.    Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any Releasees. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or Releasees, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

4.    Class Counsel have conducted a thorough investigation into the facts of the Lawsuits, including an extensive review of voluminous documents and data produced to Plaintiffs, and have diligently pursued investigation and prosecution of Class Members' claims against Defendants. Class Counsel's assessment is further informed by the decisions previously entered by the Court on respective motions filed by the Parties. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants. Defendants and Defendants' counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

5.      The Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by Plaintiffs, which release includes in its effect Defendants and all Releasees.

6.      Subject to Court approval of the Settlement Agreement, and on the terms and conditions set forth in this Settlement Agreement, Defendant Butterball will pay and promise as follows:

      a.  Butterball will put up a $4,250,000 fund against which Class Members can make claims.

      b.  Service awards of $6,000 each to Sheila Helmert, Wilma Brown, Lori West, Roxie Garner, Roy Garner, Miguel Anguiano Araujo, Christopher Smith, John Snarr and Jason Foster.  Service awards of $1,000 each to Angela Mansfield, Betty Farmer, Brian Morgan, Charles Krause, Cindy Moore, Cruz Aleman, Domingo Melendez, Douglass DeWitt, Edward Dyson, Jeremy Lowe, Jess Ella Evans, Joseph Perez, Lawrence Hice, Peggy Hobby, Michael Yates, Nick Davis, Pedro Perez, Shirley Phillips and Steven Van Brunt.  Service awards shall be paid out of the $4,250,000 fund.

      c.  Butterball will pay to each Class Member who submits a timely claim using the agreed Claim Form and fulfills the conditions of the claims procedure specified in this Settlement Agreement, the amounts contained within Exhibit A to this Agreement.  The formula the Parties and Claims Administrator will use to determine each Class Member's share of the $4,250,000 settlement proceeds will be based on: (1) the number of workdays worked by each Class Member between October 1, 2006 and July 1, 2012; and (2) each Class Member's average hourly rate earned between October 1, 2006 and July 1, 2012.  Of the amount paid to each such Class Members, 50% will be deemed wages and subject to normal payroll tax withholding and W-2 reporting, and 50% will be deemed non-wage income and reported on Form 1099. Defendant Butterball shall be responsible for all employer-paid and due taxes on the wage portions of this Settlement, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes.

      d.  For an interim period of eighteen months, or until the injunctive relief requirements outlined below are completed, Butterball will pay three (3) additional minutes for donning and doffing to all employees holding positions within the Settlement Class.  Butterball will begin payment of the three (3) additional minutes within 10 days of final approval of the settlement.

      e.  Within 120 days of final approval of the settlement, Butterball will implement the following changes at the Huntsville and Ozark plants to reduce the amount of uncompensated donning and doffing time.  It is the express goal of this term to minimize the amount of unpaid time spent on the production floor.  To implement this goal, Butterball management will take the necessary

4

operational steps. All of the subsequent terms below relate exclusively to employees that are not involved in on-the-clock floor preparation.

   i. Butterball will prohibit employees from going out on the floor until four minutes before the department's scheduled starting time (the time the meat hits the first line station) or four minutes before the end of breaks for the first spot on the department line.

   ii. Butterball will not allow any employees to arrive back on the plant floor until 30 minutes after the first employees left the line for break.

   iii. Butterball will inform the employees they are not required to be at their work stations until the product arrives at their line position at the beginning of their shifts and the end of breaks.

   iv. Butterball will inform the employees of the number of minutes it takes (on average) for the product to get to each position on the line from the first work station on the line.

   v. Butterball will inform the employees they should not arrive onto the plant floor any earlier than four minutes before the first product's arrival at his/her line position. If it is practically impossible to be ready for work without arriving more than four minutes before the first product's arrival, Butterball will adjust any such employee's duties accordingly.

   vi. Butterball will inform the employees they do not have to arrive early on the production floor to potentially "cover" another position if someone is late or absent.

   vii. Butterball will inform the employees they do not have to arrive early to "check in" with a supervisory employee or prior to other line positions starting operations.

   viii. Butterball will make employees leave the floor promptly at the end of the shift or beginning of unpaid breaks (if they doff and don during their breaks) unless they are assigned to stay and are being paid for staying.

   ix. Butterball will inform the employees that once the product stops arriving at their work station at break or at the end of a shift, they must exit the plant floor expeditiously.

   x. All bonuses other than any recruitment bonuses will be included in employees' "regular rates" for purposes of determining overtime compensation.

xi.  Butterball will prohibit employees from swiping in more than ten minutes before the department's scheduled starting time, and will not allow employees to begin donning smocks or gear they are required to obtain at the plant or picking up equipment at the supply window before they swipe in.

xii.  Butterball management will take the necessary operational steps to aim at eliminating idle time after donning a smock.

At the expiration of the 120 day period, counsel for Butterball shall file with the district court a factual, detailed affidavit explaining the changes that have been made in each production department to comply with the terms in this Settlement Agreement.

f.  Within twelve months after final approval, Butterball will prohibit employees from swiping in more than seven minutes before the department's scheduled starting time.

g.  Butterball shall have eighteen (18) months after final approval of the settlement to explore implementation of further changes. After that time, Butterball will reasonably eliminate uncompensated work time for class members as defined by the Orders in this lawsuit during pre-shift, post-shift and unpaid breaks at the Huntsville and Ozark plant through operational changes of its choosing. Such operational changes may include the following:

i.  Ensuring that all tools are handed out on the floor and dropped off on the floor before or after employees' shifts or at the end of their breaks. Employees using knives, etc. would no longer be required to pick up these tools or sharpen them before their shifts or at the end of their breaks.

ii.  Not allowing employees to wash their knives and tools after the shift.

iii.  Steel mesh gloves, aprons and sleeves should be distributed by floor preparation people to the line.

iv.  Having the employees clock in and out for their breaks and programming Kronos to reject any swipes that are less than 30 minutes from the time the employees swipe out for their breaks.

v.  Adding time clocks.

vi.  Assessing the practicality of switching to a punch-to-punch system, including consideration of whether it is possible to divide up some of the departments into groups that are small enough to be managed

under a punch-to-punch system. Look closely to see which groups inherently must be larger because of continuous work lines, such as in Evisceration. Consider whether Debone can be divided up based on stopping points in the movement of product. Prohibiting employees from swiping in more than five minutes before the department's scheduled starting time.

At the expiration of the 18 month period, counsel for Butterball shall file a factual, detailed affidavit with Judge Holmes certifying under oath explaining how Butterball has reasonably eliminated the uncompensated preparatory and concluding activities as defined by the court orders in this action before and after employees' shifts and unpaid breaks for each production department.

h.  Butterball can adjust the injunctive measures contained within paragraphs 6(d-g) above to reflect any interim rulings by the Eighth Circuit or Supreme Court on breaks or the definition of "actual work" time. If Butterball makes any such adjustments, it will inform the Court. In the event Plaintiffs believe Butterball's adjustments under this paragraph fail to comply with existing law, Plaintiffs and the class reserve all rights under all causes of action relating to Butterball's legal interpretations and Butterball's future adjustments.

i.  The Court shall have continuing jurisdiction over all injunctive relief.

j.  Subject to approval by the Court, Defendant Butterball agrees to pay to Class Counsel the sum of $2,600,000 as attorneys' fees and $430,000 in costs and expenses, in full and complete satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs and expenses of any kind whatsoever. Class Counsel will apply to the Court for payment of said amounts, to be approved by the Court. Defendants and Defendants' counsel will not oppose such a request. The total attorneys' fees and costs actually paid will be as approved by the Court in its Final Order, subject to appellate rights. Class Counsel and Defendant agree that Defendant will make such payment by wire transfer to Larson • King, LLP's trust account as directed by Class Counsel within 10 days after the deadline for appeal of the Court's final approval of the settlement. Defendants shall not have any responsibility for allocating or distributing either the fees or costs and expenses among the various Class Counsel. Defendant Butterball will report the payments to Class Counsel using an IRS Form 1099. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of judgments in the Lawsuits.

7.      The Parties agree to share equally in the Mr. Dixon's fees and expenses but Plaintiffs can include mediators' fees in their request for costs subject to the caps and limitations set forth herein.

## MUTUAL FULL COOPERATION

8.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to obtain a final judgment in the Lawsuits upon completion of the terms and conditions of the Settlement Agreement as approved by the Court.

## DUTIES OF THE PARTIES PRIOR TO
## PRELIMINARY COURT APPROVAL

9.      Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit B:

   a.  Granting preliminary approval of the Settlement Agreement;

   b.  If the Court determines that a hearing is necessary, which the Parties do not believe is necessary, the Parties will cooperate to ensure that it takes place as expeditiously as possible;

   c.  Approving as to form and content the proposed Notice of Class Action Settlement and Settlement Hearing and Claim Form;

   d.  Directing the mailing of the Notice and Claim Form by first class mail to the Class Members and published notices and plant postings as set forth herein;

   e.  Setting a deadline for objections;

   f.  Setting a prompt date for the final approval hearing; and

   g.  Setting a proposed deadline for the Court's entry of final judgment after the final fairness hearing for the Lawsuits.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

10.     Following approval by the Court of the Settlement, the Claims Administrator will issue the Notices of the Settlement and of the Claims Procedure in both English and Spanish.

11.     **Settlement Administration.**

    a.  Defendant Butterball has selected Simpluris, Inc. as the Claims Administrator and shall pay all settlement administration costs and fees for Simpluris including the mailing of the Notice and Claim Form to last known addresses or addresses. However, the Claims Administrator's responsibilities to communicate and handle the claims extend equally to all Parties and the Court.

    b.  Defendant Butterball will not be obligated at any stage to engage investigative services to locate Class Members, however the Claims Administrator shall update Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service and other standard skip trace methods.

    c.  Communications by the Claims Administrator shall be made with the representatives of all Parties.

12.     **Notice to the Class Members.**

    a.  Approximately forty (40) days before the final fairness hearing, the Claims Administrator will send the Court-approved Notice of Class Action Settlement and the Claim Form, substantially in the form attached hereto as Exhibits A and C and as approved by the Court (together "Notice"), including with any modifications at the direction of the Court, to the Settlement Class, by first-class mail.

    b.  Approximately forty (40) days before the final fairness hearing, Butterball (or the Claims Administrator) will publish in the local county newspaper the Court-approved Notice of Class Action Settlement, substantially in the form attached hereto as Exhibit D and as approved by the Court.

    c.  Approximately forty (40) days before the final fairness hearing, Butterball will post at the Huntsville and Ozark plants the Court-approved Notice of Class Action Settlement, substantially in the form attached hereto as Exhibit E and as approved by the Court.

    d.  Class Members will have sixty (60) days after the Notice is first mailed to submit their Claim Form.

e. The Claims Administrator will provide a bilingual Notice of Class Action Settlement and Claim Form.

13. **Objections; Binding Effect**

a. Any Class Member may object to this settlement, provided that such objections are made in writing filed with the Court and served on counsel for the Parties no later than ten (10) days before the final fairness hearing. Such objection shall not be valid unless it includes the information specified in the Notice. No Class Member may be heard at the final settlement hearing who has not complied with this requirement. Any Class Member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement.

b. All Class Members will be bound by the final approval order, the judgment, and the releases set forth in this Agreement. However, no FLSA claims are released by Class Members who did not opt in nor file a claim under this Settlement. Unless they have timely asserted an objection to this Agreement, all Class Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness and adequacy.

c. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process, however, Class Counsel may advise class members how to assert their right to object.

d. Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections and/or challenges to the Settlement Agreement or any part thereof.

14. **Entry of Final Judgment.**

Following final approval of this Settlement Agreement as specified herein, on a form supplied by the Defendants and agreed to by the Parties, which enters final judgment on the merits and with prejudice as to any individual or Class claims which are released by this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

15. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, neither party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of attorneys' fees or costs. The

Court's failure to approve Class Counsel's fee and cost request shall not render the remainder of the Settlement Agreement unenforceable, but is itself subject to appellate rights.

16.    If this Settlement Agreement is voided under the prior paragraphs, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

## SETTLEMENT AGREEMENT EFFECTIVE DATE, RELEASE AND PAYMENT PROCESSES

17. Upon the "Effective Date," (and except as to such rights or claims as may be created by this Settlement Agreement), each Class Member fully releases and discharges Defendant and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Actions, which includes all claims for time worked but not recorded as worked ("off-the-clock" claims) for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law between October 1, 2006, until the Effective Date. This release includes all off-the-clock and donning and doffing related activities under the FLSA and AMWA plus all off-the-clock and donning and doffing related claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims for time before and after employees production shifts and before, during and after employees' unpaid breaks at the Huntsville and Ozark plants. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the Effective Date. Class Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. This release extends only to job positions within the defined class, and not to job positions held by Class Members outside the defined Class. No FLSA claims are released by Class Members who didnot opt in nor file a claim under this Settlement Agreement. In consideration of the future injunctive relief, and the practical and administrative requirement to fix a class time period for purposes of calculating settlement shares and distribution of monies, the Class will not further seek compensation for or sue regarding unpaid compensation released hereunder between July 1, 2012 and the Effective Date.

18. **Distribution of Settlement Payments to Class Members.**

   a. The Claims Administrator shall mail payments by check to Class Members within fourteen (14) calendar days of the Settlement Effective Date as defined above in paragraph 17.

   b. There shall be included language on the back of each check sent to all Class Members by the Claims Administrator stating "By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act, the Arkansas Minimum Wage act and all other applicable state laws for the off-the-clock claims through [*the Effective Date*] at issue in the case.  I agree that, by accepting this payment, I have settled my claims for any unpaid wages, liquidated damages, interest, and associated penalties through [*the Effective Date*] for the matters released as more fully stated in the Settlement Agreement."

   c. Class Members shall have one hundred twenty (120) calendar days after the date of mailing to cash their settlement checks.

   d. If any checks are returned as undeliverable, the Claims Administrator shall update Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service and other standard skip trace methods and will re-send the check to the new address.

   e. If any Class Members do not cash their checks within 120 days after mailing of the checks by the Claims Administrator and their check is not returned, their checks will be void and a stop-payment will be placed.  If any redistributed checks are again returned as undeliverable, their checks will be void and a stop-payment will be placed.  In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them.

## PARTIES' AUTHORITY

19.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## ENFORCEMENT ACTIONS

20.     This Settlement Agreement is fully enforceable in the U.S. District Court for the Eastern District of Arkansas before the Honorable Leon J. Holmes or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this agreement.

## NOTICES

21.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties to this Settlement Agreement shall be in writing and shall be addressed as follows:

To Plaintiffs:

T. Joseph Snodgrass
Kelly A. Lelo
**LARSON • KING, LLP**
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618

To Defendants:

Stephen X. Munger
Eric R. Magnus
**JACKSON LEWIS, LLP**
1155 Peachtree St., NE
Suite 1000
Atlanta, GA 30309
Tel: (404) 525-8200
Fax: (404) 525-1173

## CONSTRUCTION

22.    The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

23.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

24.     This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

25.     This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

26.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

27.     It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Members.

## PUBLICITY

28.     Parties shall not issue any press release about the Settlement Agreement or its terms.  The Parties can reasonably respond to employees or media.

## COUNTERPARTS

29.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

14

Dated: _30 July 2012_                    _[signature]_

Suzanne Griffin, General Counsel, on behalf of
Defendant Butterball, LLC

Dated: _30 July 2012_                    _[signature]_

Eric R. Magnus, Jackson Lewis, LPP, counsel for
Defendants Butterball, LLC and Gary R. Lenaghan

Dated: _____                   _____

Defendant Gary R. Lenaghan

Dated: _30 July 2012_                    _[signature]_

T. Joseph Snodgrass, Larson · King, LLP, as Class
Counsel on behalf of Plaintiffs and Collective and
Class Action Classes

1340084

Dated: _30 July 2012_      _Anne Regan_ (signature)

Anne T. Regan, Zimmerman Reed, PLLP, as Class
Counsel on behalf of Plaintiffs and Collective and
Class Action Classes


Dated: _____      _____

Sheila Helmert, Plaintiff and Collective Action
Representative


Dated: _____      _____

Wilma Brown, Plaintiff and Collective Action
Representative


Dated: _____      _____

Lori West, Plaintiff and Collective Action
Representative


Dated: _____      _____

Roxie Garner, Plaintiff and Class Action
Representative


Dated: _____      _____

Roy Garner, Plaintiff and Class Action
Representative


Dated: _____      _____

Miguel Anguiano Araujo, Plaintiff and Class Action
Representative


Dated: _____      _____

Christopher Smith, Plaintiff and Class Action
Representative


Dated: _____      _____

John Snarr, Plaintiff and Class Action
Representative


Dated: _____      _____

Jason Foster, Plaintiff and Class Action
Representative

16

# EXHIBIT A
# CLAIM FORM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

-------------------------------------------------------------------------------------------------------------------

SHEILA HELMERT, WILMA BROWN and,            Civil No. 4:08-CV-0342 JLH
LORI WEST, on behalf of themselves and others
similarly situated,

                        Plaintiffs and Collective
                        Action Representatives,

v.

BUTTERBALL, LLC,

                        Defendant.

-------------------------------------------------------------------------------------------------------------------

ROXIE GARNER, ROY GARNER,                   Civil No. 4:10-cv-01025-JLH
MIGUEL ANGUIANO ARAUJO,
CHRISTOPHER SMITH, JOHN SNARR,
and JASON FOSTER on behalf of
themselves and others similarly situated,

                        Plaintiffs and Class Action
                        Representatives,

v.

BUTTERBALL, LLC,
and GARY R. LENAGHAN,

                        Defendants.

-------------------------------------------------------------------------------------------------------------------

## TIME SENSITIVE CLAIM FORM

Name
Address
City, State, Zip

If your name or address is different from those shown above, print the corrections on the lines
above and to the right.

17

**YOU MUST COMPLETE AND SUBMIT THIS FORM BY**

**[INSERT DATE]**

**TO BE ELIGIBLE TO RECEIVE MONEY FROM THIS SETTLEMENT**

**IF YOU DO NOT SUBMIT IT BY [INSERT DATE[, YOUR CLAIM WILL BE REJECTED**

**YOU MUST <u>SIGN</u> AND RETURN  THIS CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW BY _____.  YOU MAY ALSO SUBMIT CLAIMS TO THE FAX NUMBER OR EMAIL ADDRESS IDENTIFIED BELOW.**

**Butterball Claims Administrator**
Simpluris, Inc.
1485 S. Semoran Blvd., Suite 6-1401
Winter Park, FL 32792
Fax: (714) 824-8591
Email: _____

## I.   INSTRUCTIONS

1.  You must <u>sign</u> and <u>return</u> this Claim Form by fax, e-mail or mail in order to be eligible to be paid money from this Settlement.  Your Claim Form must be received or postmarked on or before the date above, or it will be rejected.

2.  If you move, please send your new address to the address shown above.  It is your responsibility to keep a current address on file at the address shown above.

3.  If you sign and return this Claim Form and it is either received or postmarked on or before the date above, then provided the Court gives final approval to the settlement, you will be sent a check for the applicable amounts based on when and where you worked for Butterball, LLC during the relevant time period as provided in the Settlement Agreement.

4.  Submitting a claim will not impact your employment with Butterball, LLC in any way.

**Yes, I wish to be a part of this settlement and this case.**  My signature constitutes a full and complete release by me of Butterball, LLC, and its present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns, and any individual or entity which could be jointly liable with Butterball, LLC, for all claims alleged in the *Helmert* and *Garner* Actions against Butterball, LLC, including all off-the-clock wage/hour claims under the Fair Labor Standards Act ("FLSA") or Arkansas Minimum Wage Act ("AMWA") plus all off-the-clock claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and unjust enrichment, and

18

pursuant to wage contract claims, including penalties under the FLSA and applicable state laws, interest, attorneys' fees and costs, liquidated damages, punitive damages, or penalties under federal and state law.  Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the Effective Date of Settlement.


_____          _____
(Sign your name here)              (Date)


_____          _____
Print Your Name Here               Former Names (if any)


(_____) _____         (_____) _____
Area Code    Daytime Phone #       Area Code    Evening Phone #


_____          _____
Email address (optional)           Home address


_____
Social Security Number (if available)

# Exhibit B
# Order of Preliminary Approval

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

SHEILA HELMERT, WILMA BROWN and,                    Civil No. 4:08-CV-0342 JLH
LORI WEST, on behalf of themselves and others
similarly situated,

                    Plaintiffs and Collective
                    Action Representatives,

v.

BUTTERBALL, LLC,

                    Defendant.

---

ROXIE GARNER, ROY GARNER,                           Civil No. 4:10-cv-01025-JLH
MIGUEL ANGUIANO ARAUJO,
CHRISTOPHER SMITH, JOHN SNARR,
and JASON FOSTER on behalf of
themselves and others similarly situated,

                    Plaintiffs and Class Action
                    Representatives,

v.

BUTTERBALL, LLC,
and GARY R. LENAGHAN,

                    Defendants.

---

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL

Upon consideration of the Joint Motion for Preliminary Approval of the class-wide settlement and its supporting memorandum, exhibits, and affidavit, and

It appearing that the proposed settlement is fair and reasonable, and

21

It further appearing that Notice of the Proposed Settlement and an opportunity to object will be sent to all class members,

It is therefore this ___ day of _____ 2012:

ORDERED that the Parties' class-wide settlement is preliminarily fair and reasonable;

ORDERED that for purposes of settlement a Settlement Class is certified consisting of the following class:

> The "Settlement Class" or the "Class" consists of all current or former hourly-paid "production employees" (defined as Evisceration, Bagging/Packaging, Deboning, Boxing, Boneless Rolled Turkey (BRT), Smoke & Bake, Tied Roast and Traypack) who work or worked at the Butterball, LLC turkey processing plants located in Huntsville and Ozark, Arkansas, at any time between October 1, 2006 and July 1, 2012.  The "Settlement Class" also includes all opt-in plaintiffs in the *Helmert* matter and all temporary employees included in orders of the Court.  These individuals have been identified in the class lists provided by Butterball to Class Counsel.

ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement;

- Simpluris, Inc. will serve as "Claims Administrator" in providing notice, objection, claim process and administration services under the Settlement Agreement, if preliminarily or finally determined to be fair;

- Approximately forty (40) days before the final fairness hearing (September 26, 2012), the Claims Administrator shall send by first-class mail the Notice of Proposed Settlement (including Claim Form) to all class members;

- Approximately forty (40) days before the final fairness hearing (September 26, 2012), Butterball (or the Claims Administrator) will publish in the local county newspaper the Court-approved Notice of Class Action Settlement.

22

- Approximately forty (40) days before the final fairness hearing (September 26, 2012), Butterball will post at the Huntsville and Ozark plants the Court-approved Notice of Class Action Settlement.

- Class members shall lodge objections or submit claims as set forth in the Notice of Proposed Settlement (including Claim Form), which were jointly proposed by the Parties and filed with the Court;

ORDERED that the form and content of the Notice of Proposed Settlement set forth in the Joint Motion for Preliminary Approval is adequate, proper, comports with Due Process and are hereby approved;

ORDERED that a final fairness hearing be held on November 5, 2012 at the U.S. District Court for the Eastern District of Arkansas, 500 West Capitol Avenue • Little Rock, AR 72201;

ORDERED that counsel for the Parties shall file motion papers for final approval of all terms of the Settlement Agreement no later than fourteen (14) days before the final fairness hearing (October 22, 2012); and it is

ORDERED that the *Helmert* and *Garner* actions are stayed pending the Court's ruling on the settlement at the final approval hearing.

Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.


Honorable Leon Holmes
United States District Judge

# Exhibit C
# Notice

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

You are receiving this Notice because you are or were a Butterball Employee and are part of a group of Employees at the Huntsville and Ozark plants, called a "Class," who brought two lawsuits against Butterball. These two "Lawsuits" claim that, in violation of federal and Arkansas law, Butterball employees were not paid all wages for off-the-clock, pre- and post-shift, and meal break work time. Butterball denies these allegations.

The Employees in the Class are:

> All current or former hourly-paid "production employees" (defined as Evisceration, Bagging/Packaging, Deboning, Boxing, Boneless Rolled Turkey (BRT), Smoke & Bake, Tied Roast and Traypack) who work or worked at the Butterball, LLC turkey processing plants locating in Huntsville and Ozark, Arkansas, at any time between October 1, 2006 and July 1, 2012. This includes any employees who were placed by temporary agencies to work in these plants.

A proposed Settlement has been reached in these Lawsuits that affects your rights. The purpose of this Notice is to inform you of the settlement terms and your rights and options in connection with the Settlement. If the Settlement is finally approved, it will resolve all claims in the Lawsuits.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **FILL OUT THE CLAIM FORM** | **Fill out the settlement Claim Form to receive money. Agree to the release of certain claims against Butterball, LLC.** |
| | If you wish to participate in the settlement and receive a money award, and agree to be bound by the class action settlement and release described above, you must complete and return the attached Claim and Release Form which must be faxed, e-mailed or mailed to Simpluris, Inc., 1485 S Semoran Blvd., Suite 6-1401, Winter Park, FL 32792 [insert fax number and email address]. The Claim and Release Form must be received or post-marked on or before _____, 2012. |

| OBJECT TO THE SETTLEMENT | **State your objection to the settlement. Get no money from it.**<br><br>If you believe the Settlement should not be approved by the Court for any reason, you may state your objections to the Court. If you wish to do so you must mail a letter to counsel for the Parties stating why you object to the Settlement on or before _____, 2012. Counsel for the parties will promptly exchange with one another and file with the Court copies of all objections. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why did I get this notice?..................................................................................... [insert page #s]

What is this lawsuit about?................................................................................... [insert page #s]

What are the settlement terms? ........................................................................... [insert page #s]

When is the final approval hearing? ..................................................................... [insert page #s]

What if I have objections to the settlement? ......................................................... [insert page #s]

What if my address changes .................................................................................. [insert page #s]

Where do I find more information? ....................................................................... [insert page #s]

Who do I contact if I have questions? ................................................................... [insert page #s]

Time Sensitive Claim Form ................................................................................... [insert page #s]

## Why did I get this Notice?

You are part of a group of Employees that worked at the Huntsville and Ozark Butterball plants, called a Class, that were the subject of the two Lawsuits. On _____, 2012, the judge overseeing this case preliminarily approved a Settlement and ordered that this Notice be sent to all Employees in the Class. This Notice explains what you can get from the Settlement and what rights are affected.

You are entitled to participate in this settlement regardless of your immigration status. Your immigration status will not be the subject of this lawsuit, nor will it affect your right to recovery. You have right to participate in this settlement if you fulfill the conditions detailed in the mailing regardless of your immigration status.

Butterball will not and cannot retaliate against you for participation or non-participation in the settlement.

**If you are receiving this Notice, you are entitled to submit a Claim Form and receive a payment under the Settlement.**

27

## What are these Lawsuits about?

These Lawsuits allege that, in violation of federal and Arkansas law, Butterball employees are not paid all wages to which they were entitled under the law. The Employees have said that they work off-the-clock, both pre- and post-shift and during meal breaks. The Lawsuits have asked for damages from Butterball for the alleged unpaid overtime wages, liquidated damages and other applicable penalties, and attorneys' fees and expenses.

Butterball states that it paid its employees all compensation it owed to them and that it has complied with federal and state law. Butterball denies any liability or wrongdoing of any kind.

Judge Leon Holmes of the United States District Court for the Eastern District of Arkansas is overseeing these lawsuits. These lawsuits are known as *Helmert v. Butterball, LLC*, No. 4:08-CV-0342-JLH and *Garner v. Butterball, LLC*, No. 4:10-cv-01025-JLH, both in the Eastern District of Arkansas.

## What are the Settlement terms?

The Settlement Agreement requires that Butterball create a $4,250,000 Settlement fund to pay each eligible Employee who submits a Claim Form on time, using the Claim Form attached to this Notice. Each Employee's share of the settlement will be calculated using a formula that will take into account each Employee's average hourly rate and the Employee's length of employment between October 1, 2006 and July 1, 2012. In addition, Butterball has agreed to pay service awards of $6,000 to each of the nine Named Plaintiffs in this case, and $1,000 to each of the 19 Class member Employees who were deposed in this case. These service awards will be paid out of the $4,250,000 fund.

In addition, Butterball has agreed to change its pay practices at the Huntsville and Ozark plants. As it makes these changes, Butterball will pay three (3) additional minutes in compensation per workday to all Employees in the Class. Butterball will begin payment of the three (3) additional minutes within 10 days of the judge's final approval of the settlement.

In addition, Butterball has agreed to make the following changes:

- Butterball will implement a series of changes at the Huntsville and Ozark plants to reduce the amount of uncompensated donning, doffing and production floor time within the plants. The goal of these changes is to minimize and ultimately eliminate any unpaid time in the plants spent donning, doffing or on the production floor.

- All bonuses other than any recruitment bonuses will be included in Employees' regular rates of pay for purposes of determining overtime compensation.

These changes must be made within the times specified in the Settlement Agreement, which you may obtain by downloading it at _____.

28

**How can I make my claim?**

You must fill out the Claim and Release Form that is attached to this Notice and return it by fax, e-mail or mail to Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792 [insert email address and fax and toll free number]. The Claim and Release Form must be received or post-marked on or before _____, 2012.

A check for your share of the Settlement will be sent to you at your most current address available at the time of payment, so it is important that you tell Simpluris if you move or your address has changed.

**How long do I have to cash my check?**

Your Settlement check will have a date on it. The settlement checks will be valid for one hundred twenty (120) days, unless the check is returned due to a bad address, in which case, the check will be reissued. You will have 120 days from that date to cash your check.

If you lose your check or it is damaged in the mail, contact Simpluris, the Claims Administrator. You may be able to have it reissued, provided you ask within the 120 day time period.

If you do not cash your check within 120 days of the date it was issued, your money will go back to Butterball.

**Will I owe any taxes?**

Fifty percent (50%) of the amount you receive will be wage income and subject to normal payroll tax withholding and W-2 reporting. These deductions will be taken out of your settlement check. The other half of your recovery (50%) will be deemed non-wage income. Deductions will not be taken out of this part of the amount you receive. However, it will be reported on a Form 1099 that you will receive in 2012.

If you have questions about the tax consequences of the payment to you, you should consult with an accountant or other tax advisor.

**What rights am I giving up by submitting a claim form?**

You will give up any right to file a separate lawsuit alleging the same or similar claims as these Lawsuits. Even if you do not file a claim form, because you are a member of the previously certified Class, you give up your right to file a case under state or federal law that claims that Butterball did not correctly pay you any wages or overtime since October 1, 2006 until July 1, 2012. You also agree to fully release and discharge Butterball from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Lawsuits, which includes all claims for time worked but not recorded as worked ("off-the-clock" claims) for wages, and including

29

associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in these Lawsuits under state or federal law between October 1, 2006 until July 1, 2012. This release includes all off-the-clock and donning and doffing related activities under the Fair Labor Standards Act ("FLSA")—unless you previously did not file an opt-in form and do not send in a Claim Form-- and Arkansas Minimum Wage Act ("AMWA"), plus all off-the-clock and donning and doffing related claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims for time before and after employees production shifts and before, during and after employees' unpaid breaks. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through July 1, 2012.

You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws. Further, you are not releasing or waiving any claim(s) relating to job positions not at issue in the Class.

Your release of claims will be only effective if the Court grants final approval of the Settlement.

**Do I have to pay any attorneys or other costs?**

No. Your settlement share, and the $4,250,000 fund for employees, will not be increased or reduced by the amounts, if any, awarded to the attorneys in the lawsuits.

The Court previously appointed the law firms of Larson King, LLP, Zimmerman Reed, PLLP, and the Veon Law Firm, P.A., as the attorneys for the Class in this case. ("Class Counsel").

Under the Settlement, Butterball is required to pay Class Counsel in this case. The Settlement provides that Class Counsel may request that the Court award them up to $2,600,000 in attorneys' fees and reimburse them up to $430,000 in costs and expenses that they expended in prosecuting these Lawsuits on behalf of the Class.

Any payments to the attorneys must be approved by the Court. To date, Class Counsel has been prosecuting the lawsuits, without being paid, while advancing the costs and expenses of litigation on behalf of the Class.

The Settlement is being administered by Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792. Butterball will pay the costs of the Claims Administrator.

**When is the final approval hearing?**

The Final Approval Hearing will be held on November 5, 2012 at _ p.m. in Courtroom __ at the United States District Courthouse for the Eastern District of Arkansas, 500 West Capitol Avenue, Little Rock, AR, 72201. At that hearing, the Court will determine if the Settlement is fair, reasonable, adequate, and in the best interests of the groups of Butterball employees defined

in the beginning of this Notice. The Court may postpone the hearing or change its location without further notice to you.

You are not required to attend the Final Approval Hearing, although you may do so. If you are satisfied with the Settlement there is no need for you to appear.

## What if I have objections to the Settlement?

If you have objections to the settlement, you must state them in writing and mail them to the counsel for the Parties at the following addresses for filing with the Court, on or before _____:

| Class Counsel: | Class Counsel: | Defense Counsel: |
|---|---|---|
| T. Joseph Snodgrass | J. Gordon Rudd | Stephen X. Munger |
| Kelly A. Lelo | Anne T. Regan | Eric R. Magnus |
| **Larson • King, LLP** | **Zimmerman Reed PLLP** | **Jackson Lewis, LLP** |
| 30 East Seventh Street | 1100 IDS Center | 1155 Peachtree Street |
| Suite 2800 | 80 South 8th Street | Suite 1000 |
| St. Paul, MN 55101 | Minneapolis, MN 55402 | Atlanta, GA 30306 |

All objections or other correspondence must state the name and number of the Lawsuits, which are *Sheila Helmert, et al. v. Butterball, LLC*, Case No. 4:08-CV-0342 JLH and *Roxie Garner, et al. v. Butterball, LLC, et al.*, Case No. 4:10-cv-01025-JLH. If you do not follow the procedures for objecting described above, you will be deemed to have waived any objection to the Settlement.

If you send a statement in writing of your objection, you may also come to the Court for the Approval Hearing to have your objections heard by the Court orally. Any attorney who will be representing anyone at the Final Approval Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

## Where do I find more information?

This Notice is only a summary of the Case and the Settlement. For a more detailed statement of the Case or Settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the U.S. District Court for the Eastern District of Arkansas, 500 West Capitol Avenue • Little Rock, AR 72201, during regular business hours of each court day. You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from the Claims Administrator [toll free number], or Class Counsel at 1-877-373-5501.

## Who do I contact if I have further questions?

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable to you if the Settlement is approved, should be directed to the Claims Administrator Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792 [toll free number].

If you have a question for Class Counsel, you can contact Monica Reimnitz at mreimnitz@larsonking.com or 1-877-373-5501 or write to **Larson ◦ King, LLP**, 30 East Seventh Street ◦ Suite 2800, St. Paul, MN 55101.

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

# Exhibit D
# Plant Posting

# NOTICE

## If you are or were an hourly production employee at Butterball's Huntsville or Ozark, Arkansas plants, you may be part of a class action settlement and entitled to relief.

Some hourly production employees working in the Evisceration, Bagging/Packaging, Deboning, Boxing, Boneless Rolled Turkey (BRT), Smoke & Bake, Tied Roast and Traypack departments at the Huntsville and Ozark, Arkansas plants have settled a class and collective action against Butterball. These employees contend that Butterball has failed to pay wages for all the time the employees are entitled to under federal and Arkansas state law. Butterball disputes these allegations and asserts the Company has properly paid employees consistently with all applicable laws. The Court has preliminarily approved the settlement.

**The Court has authorized the posting of this Notice.**

If you work or worked at the Butterball processing plants located in Huntsville and Ozark, Arkansas between October 1, 2006 and July 1, 2012, you should have or will shortly receive a Court-approved notice by mail. The notice provides detailed instructions on how to participate in or object to this settlement.

You are entitled to participate in this settlement regardless of your immigration status. Your immigration status will not be the subject of this lawsuit, nor will it affect your right to recovery. You have right to participate in this settlement if you fulfill the conditions detailed in the mailing regardless of your immigration status.

Butterball will not and cannot retaliate against you for participation or non-participation in the settlement.

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable if the Settlement is approved, should be directed to the Claims Administrator, Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792. If you have a question for Class Counsel, you can contact Monica Reimnitz at 651-312-6500 or Toll Free at 1-877-373-5501, or write to **LARSON • KING, LLP**, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES.

# Exhibit E
# Newspaper Advertisement

# Butterball Turkey Processing Workers

If you are or were an hourly production employee for Butterball in its Huntsville or Ozark, Arkansas plants, a settlement of a class action lawsuit may entitle you to back wages.

The lawsuit is on behalf of all current or former hourly-paid production employees (defined as Evisceration, Bagging/Packaging, Deboning, Boxing, Boneless Rolled Turkey (BRT), Smoke & Bake, Tied Roast and Traypack), who work or worked at the Butterball turkey processing plants located in Huntsville and Ozark, Arkansas, at any time between October 1, 2006 and July 1, 2012.  This includes any employees who were placed by temporary agencies to work in these plants.

Workers entitled to participate in the settlement should receive a Court-approved notice by mail.  The notice provides detailed instructions on how to participate, not participate, or object to the settlement of this case.

## HOW CAN I GET MORE INFORMATION?

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable if the Settlement is approved, should be directed to the Claims Administrator, Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792.  If you have a question for Class Counsel, you can contact Monica Reimnitz at 651-312-6500 or Toll Free at 1-877-373-5501, or write to **LARSON • KING, LLP**, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES.

1340447